UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |
|---|---|
| SOPHIA CATHERINE BLANKEMEYER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:20-cv-00082 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RYAN JOHN FISHER, ) | By: Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Sophia Catherine Blankemeyer was allegedly injured in a multicar accident on Interstate 81 in Virginia. She sued who she thought was the negligent party—a man named Christopher Silas Doss—in Virginia circuit court. When Doss filed an answer and discovery responses indicating that he attributed at least partial negligence to others in the car wreck, she filed a second lawsuit against another involved driver, Defendant Ryan John Fisher, also in Virginia circuit court. Fisher was driving the car immediately in front of Doss and immediately behind Blankemeyer. Blankemeyer's counsel discussed consolidating both lawsuits and was apparently under the impression that Fisher's counsel did not oppose consolidation.

To Blankemeyer's counsel's surprise, Fisher then removed the circuit court lawsuit to this court on the basis of diversity jurisdiction, as Blankemeyer is domiciled in Virginia and Fisher is domiciled in Maryland. Shortly after removal, Blankemeyer filed the instant "Motion to Amend Complaint to Join Indispensable Party and Remand Pursuant to Either Section 1447(e) and/or Rule 19." (ECF No. 7.) Because Blankemeyer and Doss are both

1

domiciled in Virginia, Fisher argues that Blankemeyer is trying to add Doss as a defendant to defeat diversity jurisdiction. The court, however, finds that Blankemeyer is not attempting to defeat diversity jurisdiction after-the-fact; rather, she is trying to efficiently resolve two lawsuits arising from the same set of facts. The court further concludes that the equities strongly favor remand under 28 U.S.C. § 1447(e) and consolidation of these related proceedings in one court. The court will accordingly grant Blankemeyer's motion and remand the matter to Shenandoah County Circuit Court.

## I. BACKGROUND

Blankemeyer filed the Complaint in Shenandoah County Circuit Court on September 4, 2020. (*See generally* Compl. [ECF No. 1-1].) Fisher filed an Answer in the circuit court on November 4, 2020 and removed the matter to this court on November 13, 2020. (ECF Nos. 1, 3-2.) The Complaint alleges that Blankemeyer is domiciled in Virginia and Fisher is domiciled in Maryland. (Compl. ¶¶ 1–2.)

Blankemeyer alleges that on October 7, 2018, she was driving northbound on Interstate 81 in Shenandoah County. (*Id.* ¶¶ 6–7.) Fisher was allegedly driving behind Blankemeyer and "struck the rear of [her] vehicle." (*Id.* ¶ 8.) Blankemeyer alleges that Fisher was negligent in causing the accident because he "failed to pay full time and attention[;] failed to keep his vehicle under proper control; and failed to keep a proper and safe distance between his vehicle and [Blankemeyer's] vehicle." (*Id.* ¶ 9.) Blankemeyer further alleges that, as a result of Fisher's negligence, she sustained "serious and permanent physical injuries to her head, face, neck, brain, eyes, and back, including a disfiguring, deforming, humiliating and embarrassing facial scar and a traumatic brain injury and emotional injuries." (*Id.* ¶ 13.)

Blankemeyer seeks $6,500,000 in compensatory damages, pre- and post-judgment interest, and costs. (*Id.* ad damnum.)

Approximately two weeks after Fisher removed the action, Blankemeyer filed the instant motion. (ECF Nos. 7–8.) Blankemeyer explains that the accident was a "multi-car and truck crash." (ECF No. 8 at 1.) Apparently, a truck operated by Doss crashed into the rear of Fisher's vehicle, and both Doss's truck and Fisher's vehicle "then crashed into [Blankemeyer's] stopped vehicle." (*Id.*) In other words, Doss crashed into Fisher and Fisher crashed into Blankemeyer, effectively "sandwiching" Fisher's car. (*Id.*) Doss pleaded guilty to a driving offense arising from the accident. (*Id.*) Fisher testified at Doss's traffic-court hearing and provided a witness statement indicating that Doss was solely responsible for the crash. (*Id.* at 1–2.) Like Blankemeyer, Doss is allegedly domiciled in Virginia. (*Id.* at 1.)

Blankemeyer first sued Doss and his employers in Shenandoah County Circuit Court "in a current and parallel action." (*Id.* at 2.) In that litigation, Doss asserted that Fisher "had in fact contributed either partially or fully in negligently causing the crash." (*Id.*) Blankemeyer claims she initiated the instant lawsuit against Fisher after Doss's assertion that Fisher was partially or fully negligent in causing the wreck. (*See* ECF No. 8 at 5–6.) Now, Blankemeyer seeks to consolidate the two separate cases "since all the allegations arose from the same crash and since Defendant Fisher's defenses were that the crash had not been caused by Mr. Fisher, but by Mr. Doss." (*Id.* at 3.)

Blankemeyer seeks to amend her Complaint to join Doss as a defendant "and/or" a ruling that Doss is an indispensable party whose joinder is not feasible because it would destroy federal subject-matter jurisdiction. (*Id.*) Blankemeyer ultimately seeks remand to the

3

Shenandoah Circuit Court to allow for the consolidation of the lawsuits against Fisher and Doss because the circuit court can "provide complete and simultaneous relief to all the parties." (*Id.*) The parties completed briefing the motion, and the court dispenses with oral argument because it would not aid the decisional process.

## II. ANALYSIS

If a plaintiff seeks to join a nondiverse defendant after the case has been removed on the basis of diversity jurisdiction, thereby destroying subject-matter jurisdiction, the court may either (1) deny joinder or (2) "permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999). This decision is "committed to the discretion of the district court" and is "not controlled by a Rule 19 analysis," which governs the required joinder of parties.[1] *Mayes*, 198 F.3d at 462; *see also* Fed. R. Civ. P. 19. The court may consider "all relevant factors" in exercising its discretion, including: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory in asking for amendment";[2] (3) whether the plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.* (citations omitted). "Other factors to consider include the danger of parallel suits in state and federal courts, resulting in inconsistent results and judicial inefficiency, and the defendants' interest in a federal forum." *McCaulley v. Purdue*

---

[1] For this reason, the court will only consider the analysis under § 1447(e) and finds no need to rule on whether Doss is an indispensable party under Rule 19.

[2] The court notes that this second factor is not disputed. (*See* ECF No. 16 at 7 n.3 ("Regarding the second factor, Fisher does not take the position that Plaintiff has been dilatory in asking for the amendment.").)

4

*Pharma, L.P.*, 172 F. Supp. 2d 803, 806 (W.D. Va. 2001) (citing *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990)).

In opposition, Fisher lodges three arguments: (1) the timing of Blankemeyer's motion indicates that she seeks to add Doss as a defendant simply to defeat diversity jurisdiction; (2) Blankemeyer will not be significantly injured if her motion is denied; and (3) there is no "danger of parallel lawsuits in federal and state courts spawning inconsistent results and inefficient use of judicial resources." (ECF No. 16 at 6–8.) Fisher's arguments are unpersuasive.

First, Fisher argues that the timing of Blankemeyer's motion is suspect because she moved to remand and add Doss as a defendant promptly after removal, indicating that she solely seeks to defeat federal subject-matter jurisdiction. Upon review of the motion, it is clear that Blankemeyer's motion is not a backhanded, after-the-fact attempt to defeat subject-matter jurisdiction, but rather the result of either a miscommunication or misunderstanding with opposing counsel.

Blankemeyer's counsel states that after receiving Doss's answer and several discovery responses in the other litigation, Blankemeyer initiated the instant lawsuit against Fisher. After doing so, counsel was actively seeking "to join the lawsuit against Mr. Fisher with the parallel lawsuit against Mr. Doss and his employers, just prior to Defendant Fisher removing the case to this Court." (ECF No. 8 at 2.) Blankemeyer's counsel states that he mistakenly "believed" that Fisher's counsel agreed regarding the proposed consolidation and was "surprise[d]" when Fisher removed this matter on the basis of diversity jurisdiction. (*Id.* at 3.) Blankemeyer's counsel attached a November 13, 2020, email as an exhibit, which asks

5

opposing counsel if he was "in agreement to consolidate this case with the case against the trucking company *as we discussed.*" (ECF No. 8-7 at 1 (emphasis added); ECF No. 8 at 7 ("[Blankemeyer's counsel] did not race off to move for consolidation, because he believed the parties were in agreement on consolidation."); *see also id.* at 3 (explaining that Blankemeyer's counsel agreed to extend the amount of time for Fisher to file an answer after speaking on the phone with defense counsel and discussing consolidation).) In other words, Blankemeyer's counsel seeks to add Doss as a defendant not to defeat diversity jurisdiction, but to continue with the plan to consolidate cases in circuit court that was formed well before Fisher removed this matter to federal court.

Fisher also argues: "[T]he fact that Plaintiff failed to identify any new cause of action against Doss in her motion supports the conclusion that Plaintiff seeks to add a nondiverse defendant for the purpose of destroying diversity jurisdiction as the quickest route to remand." (ECF No. 16 at 6.) This argument would make sense if a plaintiff were seeking to sue a defendant she had not yet sued, as a plaintiff must assert a cause of action against a defendant. But this argument is belied by the facts; Blankemeyer had already sued Doss and his employers in a separate lawsuit and anticipated consolidating the cases prior to removal. She has already brought a cause of action against Doss for negligence. It is therefore unpersuasive to suggest that Blankemeyer must assert a "new" cause of action to prove that she is not trying to defeat federal subject-matter jurisdiction. She has already asserted Doss's negligence in circuit court, and that is sufficient.

Second, Fisher argues, without any further elaboration, that Blankemeyer will not be significantly injured if this matter is not remanded because she "will be able to proceed on

6

her pending claims against Doss [and his employers] in the [circuit court case]." (ECF No. 16 at 7.) This argument ignores the reality that not consolidating the two separate cases would disadvantage Blankemeyer, because it is almost certainly more expensive to fund two separate lawsuits rather than one. Without consolidation, Blankemeyer's counsel would have to separately conduct discovery in different courts with different discovery rules; file, brief, and argue separate motions in two courts; and potentially conduct two trials. It is difficult to imagine how that situation would *not* injure Blankemeyer.

Third, the court must consider other factors bearing on the equities, including the possibility of parallel lawsuits in state and federal courts, inconsistent results, judicial inefficiency, and the defendant's interest in a federal forum. *McCaully*, 172 F. Supp. 2d at 806 (citing *Coley*, 138 F.R.D. at 465). Fisher argues that there is no likely danger of parallel lawsuits in federal and state courts, potentially rendering inconsistent results and inefficient use of judicial resources. Specifically, Fisher argues that the claims and allegations in this case arise solely from assertions of Fisher's negligence, and the claims against Doss in circuit court arise solely from Doss's negligence. Fisher further argues that "[t]he cases are postured differently, the claims against each respective defendant are stated distinctly, and the questions to be considered by the factfinders in each case are unalike." (ECF No. 16 at 7.)

A simple hypothetical undermines this argument. If this court retains jurisdiction over this action against Fisher and the factfinder ultimately finds that he was fully negligent in causing the wreck, Blankemeyer would be entitled to compensatory damages. The same goes for the circuit court suit against Doss. If Doss is found fully negligent and liable in that case, then Blankemeyer would also be entitled to compensatory damages. Of course, this

7

would lead to (1) potentially inconsistent results (*i.e.*, both Fisher *and* Doss are fully negligent and liable); (2) a potential windfall for the plaintiff; and (3) two courts adjudicating separate cases involving the same issue (negligence in causing the wreck) arising from the same set of facts. The opposite of this hypothetical also illustrates the problem. If this court retained jurisdiction over this matter, the factfinder may ultimately find that *Doss*—the circuit court defendant—is fully liable and clear Fisher of any liability. In circuit court, the factfinder may find that Fisher—the federal court defendant—is fully liable and clear Doss of any liability. As these scenarios illustrate, Fisher's request could easily lead to inconsistent and inefficient results. *See Seabrooks v. Evans Delivery Co.*, No. 5:20-cv-00039, 2020 WL 6122294, at *2–3 (W.D. Va. Oct. 16, 2020) (consolidating two personal-injury cases involving the same motor-vehicle accident because they "arise out of the same facts" and "without consolidation, there is a risk of inconsistent adjudications"). The equities therefore heavily favor remanding this federal matter to Shenandoah County Circuit Court so that the same judge can preside over the consolidated case. This is the fairest and most efficient way to determine and apportion liability for what is, at bottom, a single transaction and occurrence, and it is the best way to protect the interests of everyone involved.

### III. C<small>ONCLUSION</small>

For the reasons stated above, the court will grant Blankemeyer's motion (ECF No. 7) and remand the matter to Shenandoah Circuit Court under 28 U.S.C. § 1447(e). The hearing scheduled for Tuesday, January 26, 2021 at 9:30 a.m. will be cancelled. A separate order will follow.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 8th day of January, 2021.

*/s/ Thomas T. Cullen*
_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE